## No. 8460.

### MR. AND MRS. MAX NIHOUL vs. DESFORGES, MONTAGNET & CO.

A married woman cannot recover damages for a violation of a contract, made by third parties with her husband, when there is no proof that the contract was made on her behalf or by her authorization, and when there is neither allegation nor proof that she was carrying on the business for which the contract was made, nor that her husband was her agent therein.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston, J.*

*W. S. Benedict* for Plaintiffs and Appellants.

*F. Michinard* for Defendants and Appellees.

The opinion of the Court was delivered by

MANNING, J. The demand of the plaintiffs is thus presented :

" The petition of Mr. and Mrs. Max Nihoul, the latter duly separated in property, both of this city, respectfully shews that on the 1st July, 1880, the said Max Nihoul contracted with the commercial firm of Desforges, Montagnet & Co.," etc.

The contract was for the delivery of ten thousand barrels of Pittsburg coal at thirty-eight cents per barrel, and the suit is for the recovery of $2,289.23 as damages for the failure to deliver a part of that quantity, viz : 3,139 barrels.

The contract was introduced in evidence. It expressly sets out that it is made and entered into between Mr. Max Nihoul of the one part, and the defendants of the other part. The obligatory clause is, " Mr. Max Nihoul hereby binds himself to comply with the above stipulations, to pay to the said Desforges, Montagnet & Co.," etc. It is signed, " Max Nihoul, agt."

When this contract was offered, the defendants' counsel objected to its introduction on behalf of any other person than Mr. Max Nihoul, the party with whom it was made, as appears on its face. The objec-

tion was overruled, and the defendants reserved a bill. The plaintiffs then offered in evidence the record of a suit in which there was a judgment of separation in property between Nihoul and his wife, to which the defendants also objected, on the ground that the contract upon which this suit is based was made by them with Nihoul alone, and not with his wife. This was also overruled, and a bill was taken.

Suppose coal had gone down in price instead of up, and Nihoul had refused to take the residue of the coal at the stipulated price, and the defendants were now seeking to recover of his wife the difference as damages for her violation of her contract. With what *sangfroid* would she repudiate the pretended obligation! With what triumph would she call on us to scan the paper-writing, and discover the clause or word whereby she bound herself, or whereby the husband even assumed to bind her! She does not appear in it. No allusion is made to her.

Nor does she become more conspicuous in the evidence. There was not even an attempt to shew that the business was hers—that her money was invested in it, or that it was her property, or that she had any control of it, or responsibility for it—or that being hers, her husband was her agent in its management.

There could be no judgment against her on such contract with such evidence, and for a like reason there can be none for her. The law has but one rule for both sexes alike. Elsewhere, woman's word or smile makes law, but when she emerges from that shrine, before which every knightly knee bends in unquestioning adoration, and descends to the plane of ordinary mortals, she clips her angels' wings and becomes of the earth earthy.

No judgment is prayed in favor of Max Nihoul except in conjunction with his wife. Indeed, none seems to be desired for him. The allegation is that the contract was made in behalf of his wife, but there is an entire absence of allegation that he was interested in this business, much less that she was the business man and, as we have already said, no proof of that fact or other cognate matters.

It is therefore ordered and decreed that the judgment of the lower court is avoided and reversed, and that there be now judgment in favor of the defendants against the plaintiffs rejecting their demand, and for costs of both Courts.

Rehearing refused.